| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: |
| EASTERN DISTRICT OF NEW YORK |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | Carriox Capital II LLC | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 85-3860514 | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **100 Quentin Roosevelt Blvd, Suite 503** <br> **Garden City, NY 11530** <br> Number, Street, City, State & ZIP Code <br><br> **Nassau** <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor **Carriox Capital II LLC**        Case number (*if known*) _____
    Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **5171**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | | |
|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| Debtor | **Carriox Capital II LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1, attach a separate list

| Debtor | **See Attachment** | | Relationship | |
|---|---|---|---|---|
| District | | When | Case number, if known | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes. Insurance agency _____
  Contact name _____
  Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ■ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **Carriox Capital II LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 20, 2025**
MM / DD / YYYY

X **/s/ John D. Baumgartner**         **John D. Baumgartner**
Signature of authorized representative of debtor         Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ John E. Jureller, Jr.**         Date **October 20, 2025**
Signature of attorney for debtor         MM / DD / YYYY

**John E. Jureller, Jr.**
Printed name

**Klestadt Winters Jureller Southard & Stevens, LLP**
Firm name

**200 West 41st Street**
**17th Floor**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone **(212) 972-3000**         Email address **jjureller@klestadt.com**

**2586451 NY**
Bar number and State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK

Case number *(if known)* _____  Chapter __11__

☐ Check if this is an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **BB Capital SPV, LLC** | | | Relationship to you | **Affiliate** |
| District | **Eastern District of New York** | When | **10/20/25** | Case number, if known | **25-74026** |
| Debtor | **BB Servicer LLC** | | | Relationship to you | **Affiliate** |
| District | **Eastern District of New York** | When | **8/12/25** | Case number, if known | **25-73096** |
| Debtor | **Bridgevoice, Inc.** | | | Relationship to you | **Affiliate** |
| District | **Eastern District of New York** | When | **8/12/25** | Case number, if known | **25-73097** |
| Debtor | **Broadband Telecom, Inc.** | | | Relationship to you | **Affiliate** |
| District | **Eastern District of New York** | When | **8/12/25** | Case number, if known | **25-73095** |
| Debtor | **Carriox Telecap LLC** | | | Relationship to you | **Affilate** |
| District | **Eastern District of New York** | When | **8/12/25** | Case number, if known | **25-73098** |
| Debtor | **Carriox Towercap LLC** | | | Relationship to you | **Affilate** |
| District | **Eastern District of New York** | When | **8/12/25** | Case number, if known | **25-73099** |

# WRITTEN CONSENT
# OF THE INDEPENDENT MANAGER OF
# CARRIOX CAPITAL II LLC

THE UNDERSIGNED, being the duly appointed Independent Manager (the "Independent Manager"), pursuant to the terms of that certain Independent Director Agreement dated August 21, 2025 (the "ID Agreement"), of CARRIOX CAPITAL II LLC, a limited liability company organized under the laws of Delaware (the "Company"), does hereby consent to the taking of the following actions, and adopts by written consent (the or this "Consent") the following resolutions with the same force and effect as if adopted at a duly constituted meeting of the Independent Manager:

WHEREAS, in accordance with Section 2.b. of the ID Agreement, and that certain Written Consent of the Sole Member of CARRIOX CAPITAL II LLC, dated August 20, 2025 (the "August Resolutions"), the Independent Manager has duly evaluated the options in connection with a possible restructuring and has determined that the filing of a voluntary petition (the "Petition") under Chapter 11 of Tile 11 of the United States Code (the "Bankruptcy Code") is in the best interest of the Company;

NOW THEREFORE, BE IT RESOLVED, that the Company be, and hereby is, authorized to file a Petition for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the forgoing (the "Chapter 11 Case");

RESOLVED FURTHER, that, consistent with the terms of the August Resolutions, the Company's engagement of John D. Baumgartner as the Chief Restructuring Officer (the "CRO") of the Company, upon the terms set forth in that certain Letter Agreement, dated as of August 12, 2025, between Getzler Henrich LLP ("GH") and the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that, consistent with the August Resolutions, the Independent Manager maintains the sole authority to manage the Company's Chapter 11 Case, except as set forth herein, and to take such actions as he deems necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Company's Chapter 11 Case, including without limitation, (i) pursuing and consummating any sale or sales of the Company's assets he deems necessary or appropriate, developing, negotiating, confirming and performing under a bankruptcy plan of reorganization, and negotiating, executing and delivering on behalf of the Company any and all agreements, instruments and related documents that, in the judgment and discretion of the Independent Manager are necessary, appropriate, advisable or desirable for pursuing and consummating such sale or sales of the Company's assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of reorganization, including without limitation executing asset purchase agreements, plans, and related documents, (ii) to develop and effectuate an appropriate budget for the administration of the Chapter 11 Case, (iii) to determine whether to investigate potential causes of action of the Company against any person or entity, (iv) to determine whether to commence causes of action against any person or entity (v) to

determine whether to retain any additional professionals, (vi) to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and (v) to incur all such fees and expenses and to take such other action, as in the judgment of the Independent Manager shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

RESOLVED FURTHER, that, consistent with the ID Agreement and the August Resolutions, the Independent Manager may delegate any or all authority to manage the Company's operations and to manage the Company's Chapter 11 Case to the CRO, at the Independent Manager's sole discretion, and, in furtherance thereof, the CRO is hereby appointed as the Company's authorized representative, and in such capacity, the CRO (and his delegates) is hereby empowered, authorized, and directed to execute and file on behalf of the Company, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

RESOLVED FURTHER, that, consistent with the August Resolutions, the Company's engagement of GH as financial advisors to the Company upon the terms set forth in that certain Letter Agreement, dated as of August 12, 2025, between GH and the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that, consistent with the August Resolutions, the Company's engagement of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as general bankruptcy counsel for the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that the CRO is hereby empowered, authorized, and directed to employ, with the consent of the Independent Manger, any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and in connection therewith, the CRO (and his delegates) is hereby empowered, authorized, and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate applications for authority to retain the services of any such individual and/or firm;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken to date by the CRO, GH, and KWJS&S in connection with the preparation and commencement of the Chapter 11 Cases, or any matter related thereto, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that any and all acts authorized pursuant to, and performed prior to the execution of, this Consent in furtherance of these resolutions are hereby ratified and approved; and

IN WITNESS WHEREOF, the undersigned, being duly appointed Independent Manager of the Company, does hereby execute this Consent as of October 17, 2025.

**INDEPENDENT MANAGER**

*/s/ Robert Warshauer*
Robert Warshauer, solely in his capacity as Independent Manager